FILED
September 15, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003770768

4
WALTER & WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
Nina Z. Javan #271392
205 East River Park Circle, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@W2LG.com

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>MERCED FALLS RANCH, LLC<br><br>Debtor.<br><br>Tax ID#: 56-1802682<br>Address: 264 I Street<br>Los Banos, CA 93635 | CASE NO. 11-19212<br><br>Chapter 11<br><br>DC No.: WW-2<br><br>Date: October 13, 2011<br>Time: 9:00 a.m.<br>Place: 2500 Tulare Street<br>Fresno, CA 93721<br>Courtroom 12<br>Judge: Honorable W. Richard Lee |

**DECLARATION OF A. BARRY CAPPELLO IN SUPPORT OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION FOR APPROVAL OF (1) EMPLOYMENT OF CAPPELLO & NOEL AS SPECIAL LITIGATION COUNSEL, AND (2) MODIFIED FEE APPLICATION PROCEDURES, INCLUDING A PARTIAL CONTINGENCY FEE ARANGEMENT**

I, A. Barry Cappello, declare as follows:

1. I am the managing partner of Cappello & Noel LLP ("Cappello & Noel"), proposed special litigation counsel to the Debtor. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would competently testify thereto. Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the pleading to which this Declaration is attached. I have reviewed the application (the "Application") to which this declaration is attached

and agree with the facts set forth therein of which I have personal knowledge.

2. Merced Falls Ranch, LLC, Chapter 11 debtor and debtor in possession herein (the "Debtor"), has requested that Cappello & Noel represent the Debtor as its special litigation counsel in connection with the Debtor's pending Chapter 11 bankruptcy case. I am advised that the Debtor seeks to employ Cappello & Noel as special litigation counsel, effective as of August 16, 2011, to provide assistance with respect to issues pertaining to the Litigation.

3. Pre-bankruptcy, Cappello & Noel represented the Debtor in the Litigation[1]. Cappello & Noel is extremely familiar with American AgCredit's alleged assertions against the Debtor, as well as the Debtor's lender liability claims against American AgCredit. Given that there is likely to be inevitable overlap between the Litigation and this bankruptcy case, I believe that the Debtor has determined that it would be more efficient and productive for Cappello & Noel to be hired to assist in providing counsel to the extent that American AgCredit is a creditor of the estate and seeks to litigate against the Debtor in this case.

4. Cappello & Noel is an experienced law firm whose primary concentration is on complex commercial litigation, with a particular emphasis on the field of lender liability. Cappello & Noel is known for prosecuting lending institution misconduct, and often uses its expertise to negotiate workout agreements between borrowers and lenders. Located in Santa Barbara, California, Cappello & Noel has earned a nationwide reputation for its representations involving banks and other financial institutions.

5. Leila J. Noel, Esq., Troy A. Thielemann, Esq., and I will be the primary attorneys at Cappello & Noel responsible for the representation of the Debtor during its Chapter 11 case. My hourly billing rate is $750, Ms. Noel's hourly billing rate is $550.00, and Mr. Thielemann's hourly billing rate is $425.00. Attached hereto as Exhibit "B" are the professional biographies of the foregoing attorneys. Other professionals and

---

[1] A copy of Cappello & Noel's prepetition retainer agreement with the Debtor is attached hereto as Exhibit "A".

paraprofessionals of Cappello & Noel may also render services to the Debtor as required.

6. Cappello & Noel will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by Cappello & Noel on behalf of the Debtor during the previous month.

7. Cappello & Noel has not shared or agreed to share its compensation for representing the Debtor with any other person or entity, except among its members.

8. Cappello & Noel understands the provisions of 11 U.S.C. §§ 327(e), 330, and 331 that require, among other things, Court approval of the Debtor's employment of Cappello & Noel as special litigation counsel. Through the Application, Cappello & Noel seeks Court authority to be paid pursuant to the modified fee application procedures set forth in the Application for any and all fees incurred and expenses advanced by Cappello & Noel.

9. Cappello & Noel received a series of prepetition retainers from the Debtor totaling $60,000 for services provided to the Debtor (the "Retainer") in connection with the Litigation. As of the Petition Date, $8,820.42 remained of the Retainer. The balance of the Retainer is maintained in a segregated trust account.

10. In addition to Cappello & Noel's hourly fees, Cappello & Noel and the Debtor agreed to a contingency arrangement pursuant to which the Debtor agreed to pay Cappello & Noel the sum equal to seven percent (7%) of any debt relief, debt reduction, or cancellation of any alleged indebtedness to American AgCredit, including debt reduction resulting from the transfer of the Debtor's real or personal property and a five percent (5%) new financing fee.

11. Cappello & Noel is a creditor of the Debtor's estate, but it is not an equity security holder or an insider of the Debtor. Cappello & Noel does not have any connection with any insider of the Debtor or any insider of an insider of the Debtor.

12. Cappello & Noel is not and was not an investment banker for any outstanding security of the Debtor. Cappello & Noel has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an

attorney for such an investment banker in connection with the offer, sale, or issuance of any security of the Debtor.

13. Neither Cappello & Noel nor any member of Cappello & Noel is, nor was, within two years before the Petition Date, a director, officer, or employee of the Debtor or of any investment banker for any security of the Debtor.

14. To the best of my knowledge, Cappello & Noel does not hold or represent any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

15. To the best of my knowledge, Cappello & Noel does not hold or represent any interest materially adverse to the Debtor or the Debtor's estate, and Cappello & Noel is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Also, to the best of my knowledge, other than having represented the Debtor prior to its bankruptcy case, Cappello & Noel has no prior connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case, or their respective attorneys or accountants, the United States Trustee, or any person employed by the United States Trustee.

16. I believe that the Debtor's employment of Cappello & Noel upon the terms and conditions set forth above is in the best interest of the Debtor's estate.

///
///
///
///
///
///
///
///
///

17. Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 9014-1(f)(1)(ii), was served upon all known parties in interest concurrently with the Application.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge this 14 day of September at Santa Barbara, California.

*A. Barry Cappello*

DECLARATION OF A. BARRY CAPPELLO IN SUPPORT OF APPLICATION TO EMPLOY SPECIAL COUNSEL AND MODIFY FEE APPLICATIONS -5-

C:\Documents and Settings\pbrinks\Local Settings\Temporary Internet Files\Content.Outlook\BESJXA67\declaration 091411 nam (2).docx