WINSTON & STRAWN LLP
RANDY ROGERS (S.B. No. 95993)
HANNAH L. BLUMENSTIEL (S.B. No. 214842)
101 California Street, Suite 3900
San Francisco, CA 94111-5802
Telephone Number: (415) 591-1000
Facsimile Number: (415) 591-1400
Email: rrogers@winston.com
Email: hblumenstiel@winston.com

Counsel to American AgCredit, FLCA

# UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>MERCED FALLS RANCH, LLC,<br><br>    Debtor. | Case No. 11-19212 –B-11F<br><br>Chapter 11<br><br>**STATUS CONFERENCE STATEMENT OF AMERICAN AGCREDIT, FLCA**<br><br>Date: September 27, 2011<br>Time: 9:00 AM<br>Place: 2500 Tulare Street<br>        Fresno, CA 93721<br>        Courtroom 12<br>Judge: Honorable W. Richard Lee |

American AgCredit, FLCA ("AAC") hereby submits this Status Conference Statement in the case of Merced Falls Ranch, LLC (the "Debtor").

A. Background

AAC is owed approximately $12,000,000 (the "AAC Debt") by the Debtor. The AAC Debt is secured by first deeds of trust on the Debtor's three "ranches." There are no other secured creditors (other than real estate taxes) and the schedules list three unsecured creditors. The amount owed to the three unsecured creditors totals $62,800. The AAC Debt went into default in December, 2009. AAC and the Debtor entered into a Restructuring Agreement in April, 2010 which gave the

Debtor until December 10, 2010 to repay the AAC Debt. The Debtor failed to do so and AAC initiated foreclosure.

In June, 2010, the Debtor sued AAC asserting that AAC defrauded the Debtor in connection with the Restructuring Agreement. The Debtor sought to enjoin the foreclosure sale. At a hearing on August 15, 2011, the state court denied the Debtor's request for a preliminary injunction. A few days later, the Debtor filed this chapter 11 case.

The Debtor owns three "ranches." The owner of the Debtor runs cattle on those ranches. The Debtor is not engaged in business. It is solely a holding company. The Debtor asserts that the ranches are worth are worth $339,670,000. AAC believes those assertions are preposterous. For example, the Debtor values the 4S Cattle Ranch at $236,500,000, even though it was acquired by the Debtor in early 2009, for $11,500,000.

B. Case Status and Potential Outcomes

The Debtor has no real income and there is nothing to reorganize. The only way that it can pay the AAC Debt is by selling real property. The Debtor does not dispute this. During the several weeks that this case has been pending, the Debtor has not taken any steps toward selling real property. None of the ranches have been listed. The Debtor has filed applications to retain counsel for bankruptcy and litigation purposes, but has not filed an application to retain a broker or taken other steps to market the property. AAC has inquired what the Debtor plans to do in the chapter 11 case and has not received a response.

AAC is considering its options. AAC does not at the moment have current valuation information. While AAC believes that the Debtor's valuation can't be taken seriously, AAC expects that the ranches are worth more than the indebtedness and that the Debtor has meaningful equity in the ranches. AAC would prefer to be repaid from a property sale rather than a foreclosure, but is concerned that the Debtor will not undertake a serious marketing effort.

AAC requests that the Court require the Debtor to explain how the Debtor intends to repay the AAC Debt, whether it intends to market its property, how it intends to market its property, whether it intends to propose a chapter 11 plan, and what a chapter 11 plan might look like. AAC is willing consider refraining from exercise of its legal rights and remedies (e.g., relief from stay,

dismissal or conversion, appointment of a trustee), if it is comfortable that positive steps are being taken to repay the AAC Debt. But AAC has not seen any indication to date that the Debtor is taking any positive steps.

AAC also wants to note for the record:

- The Debtor's three ranches appear to constitute "single asset real estate" within the meaning of 11 U.S.C. § 101(51B). All three ranches seem to be leased to the owner of the Debtor and therefore the ranches constitute a single project within the meaning of that section. AAC reserves the right to file a motion for relief from stay and invoke the provisions applicable to "single asset real estate."
- The Debtor was cavalier in filling out its schedules and statement of financial affairs ("SOFA") and those documents appear to be incomplete and inaccurate. The following jump out from a quick review:
  - The Debtor declined to answer SOFA question No. 1 regarding income from operation of the Debtor's business. The SOFA states that "Debtor is a non tax return filing entity. Revenues and expenses are reported on returns of Stephen W. Sloan." This is not a proper answer to this question and the Debtor should disclose its income.
  - The Debtor asserts in its answer to SOFA question No. 3.c. that the Debtor has not made any payments to insiders within the one year preceding the chapter 11 case. This seems unlikely given that the Debtor's sole business dealings are with its owner.
- The Debtor defaulted on its obligations to AAC in December, 2009. This is not a situation where a bankruptcy case was filed shortly after default. The loan has been in default for almost two years.
- AAC believes that the Debtor's fraud lawsuit against AAC is specious. To the extent that AAC can even understand the allegations made by the Debtor, the Debtor is alleging that it was somehow defrauded when it entered the Restructuring Agreement with AAC. If the Debtor decides to continue with the lawsuit, AAC is confident that the Debtor will not prevail. But the lawsuit is not really related to this chapter 11 case – AAC understands that

the Debtor intends to keep the lawsuit in state court – and so the lawsuit should have no effect on the Debtor's obligations as debtor in a chapter 11 case.

Dated: September 20, 2011         WINSTON & STRAWN LLP


By:  /s/ Randy Rogers
      Randy Rogers
      Hannah L. Blumenstiel
      American AgCredit, FLCA